———o———

JOEL DALBY, Appellant, vs. ALFRED SNUFFER, Respondent.

1. *Limitations—Statute of, in suit for title to land.*—In order to divest the title to land out of one owner and vest it in another, by reason of his adverse possession, that possession must be actual, visible, notorious and hostile, continuous and uninterrupted, under a claim of title, for a period of ten years next preceding the commencement of the suit.

*Appeal from De Kalb Circuit Court.*

**S. G. Loring and Hall & Oliver,** for Appellant.

*Strongs & Hedenburg,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for the south-west quarter of section ten, in township fifty-nine, of range thirty-two, in De Kalb county.

Both parties claimed title from Charles H. Birch, to whom the patent from the United States was issued on the 28th day of March, 1859, on a previous location which had been made in the name of Birch, as assignee of a military bounty land warrant.

Before the issuance of the patent, Birch, by quit claim deed, conveyed the land to one Fay; and the defendant, by mesne conveyance, derived his paper title from Fay. The deed to Fay from Birch was never recorded.

Birch died, leaving a widow and an infant child. This child afterwards died, leaving its mother as its only heir at law. Afterwards, in 1865, the mother of the child, for a valuable consideration, conveyed the land in fee to the plaintiff.

The plaintiff claims that he made his purchase without any notice of the unrecorded deed from Charles C. Birch to Fay.

This question of notice was not contested upon the trial at least, that point is not raised here by the defendant. He rests his defense upon the statute of limitations.

The case was submitted to the court for trial, neither party requiring a jury.

The defendant gave evidence tending to show that Fay, the purchaser from Birch, took possession under his deed; and that this possession was continued for more than ten years in the subsequent purchasers, down to the defendant, who held the possession at the commencement of this suit. This possession was adverse, open and notorious. During the war the fences were burned, and one or more years no crops were raised; but the dwelling house remained, and was

claimed to be under the control of the parties under whom the defendant claims, or their agents.

The plaintiff gave evidence tending to show that the possession during the running of the statute of limitations was broken in some years, by reason of no crops being raised, and no actual tenant being on the land.

At the instance of the plaintiff, the court declared the law as follows:

"The court declares the law to be, that in order to divest the title to the land, in plaintiff's petition mentioned, out of the plaintiff and vest it in the defendant, by reason of his adverse possession, that possession must be actual, visible, notorious and hostile, continuous and uninterrupted, under a claim of title, for a period of ten years next preceding the commencement of this suit."

The court gave the following declarations at the instance of the defendant, to which the plaintiff excepted. 2. "The court declares the law to be, that the evidence in this case showing that neither the plaintiff nor any one under whom he claims was seized or possessed of the premises mentioned in the petition, within ten years next before the beginning of this suit, the plaintiff cannot recover. 3. That if it appears from the evidence that the defendant and those under whom he claims had been in the actual, open and continuous possession of the premises in question, under claim and color of title, for ten years next before the beginning of this suit, then the defendant's title to the premises is superior to the plaintiff's alleged title."

The first instruction asked by the defendant was a demurrer to the plaintiff's case, which was refused, and need not be set forth.

Other declarations of law were asked by the plaintiff and refused by the court; but it is unnecessary to recite them, as the whole case was covered by the declarations on both sides, above copied.

The court found for the defendant, and the plaintiff filed a motion for a new trial, which was overruled, and he has appealed to this court.

The evidence was sufficient to justify the finding of the court; and the only material question here grows out of the instructions given for the defendant; and in regard to those, the one numbered 2, presents the only difficulty in the case. That instruction is undoubtedly subject to criticism; and if the case had been submitted to a jury, it might have misled them, as it is capable of two interpretations. In one view it seems to assume the facts to be proven as true; and in that light it might be looked upon as taking the case from the jury. But, on the other hand, it may be construed to mean that, if the facts are found to be as stated in the instructions, the finding must be for the defendant. This was no doubt the light in which it was looked at by the court; and, therefore, the error, if any, in giving this declaration, is not sufficient to justify a reversal.

The other instructions, taken together, are entirely unobjectionable. Under this view, the judgment was for the right party.

The judgment is affirmed. Judge Sherwood absent; the other judges concur.